986 F.2d 1426
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kenneth BOWMAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 92-6295.
 United States Court of Appeals, Tenth Circuit.
 Feb. 25, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Kenneth Bowman appeals from an order and judgment of dismissal entered by the district court.
 
 
 3
 Bowman applied for Social Security disability benefits on August 18, 1987. On October 27, 1988, an administrative law judge (ALJ) denied Bowman's application. The Appeals Council denied review and Bowman appealed to the district court.
 
 
 4
 On June 28, 1990, the district court entered an opinion remanding Bowman's case back to the Appeals Council for further administrative proceedings. The remand was predicated on the district court's findings that it was not clear whether the ALJ had applied the correct standards in considering Bowman's allegations of disabling pain.
 
 
 5
 On July 20, 1990, the Appeals Council remanded the case to the ALJ for further proceedings in accordance with the order of the district court. The Appeals Council also vacated the Secretary's prior final order denying Bowman benefits.
 
 
 6
 Notwithstanding the pending remand, the Secretary, on August 19, 1990, issued Bowman a notice of award of disability benefits. On October 8, 1990, the Secretary issued a similar notice to Bowman's children. Bowman and his children thereafter received several thousand dollars in benefits. Subsequent thereto, however, the Secretary notified Bowman on February 4, 1991, that his case had been erroneously processed for payment and that since no final decision had been reached by the Secretary subsequent to the remand, all benefits would be suspended pending a final administrative decision.
 
 
 7
 On May 1, 1991, notice was issued that a supplemental hearing would be conducted on May 23, 1991. On May 3, 1991, Bowman filed a complaint for a temporary restraining order and for an order permanently enjoining the Secretary from conducting any further hearings on his disability claim. Thereafter, following negotiations by the parties, Bowman agreed to withdraw his motion for a temporary restraining order in exchange for an indefinite postponement of the administrative hearing scheduled for May 23, 1991. The issue of the permanent injunction was subsequently assigned to a magistrate judge.
 
 
 8
 On October 18, 1991, the magistrate judge filed a Report and Recommendation in which he recommended that Bowman's complaint be dismissed for lack of jurisdiction. On November 4, 1991, the district court issued an order adopting the magistrate judge's Report and Recommendation and dismissing Bowman's complaint for lack of jurisdiction. Within its order, the district court found that "[t]here is ample evidence in the record to support the Magistrate's proposed finding that 'the Secretary erroneously paid benefits to the Claimant, and thus there has not been a final decision' following remand." (Appellant's Opening Brief at p. 9).
 
 
 9
 For whatever reason, but through no fault of Bowman or his counsel, Bowman did not receive a copy of the order of dismissal until July 10, 1992. On August 14, 1992, the district court entered an order in which it simultaneously vacated its order of November 4, 1991, re-entered same, and dismissed Bowman's complaint.
 
 
 10
 On appeal, Bowman contends that the district court erred in finding that: it was without subject matter jurisdiction; there was ample evidence that the Secretary had erroneously awarded and paid benefits; the Secretary should not be estopped from ceasing payments to Bowman; and in permitting cessation of the benefits. Because of its dispositive nature, our discussion will be limited to Bowman's first allegation of error, i.e., that the district court erred in finding that it was without subject matter jurisdiction. We disagree.
 
 
 11
 The Social Security Act provides for district court review of the Secretary's determinations. Weinberger v. Salfi, 422 U.S. 749, 763 (1975). The Act, specifically 24 U.S.C. § 405(g), "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.' " Califano v. Sanders, 430 U.S. 99, 108 (1977). "[W]hen a case is remanded by a Federal court for further consideration, the decision of the administrative law judge will become the final decision of the Secretary after remand ... unless the Appeals Council assumes jurisdiction of the case." 20 C.F.R. § 404.984(a). "If the Appeals Council assumes jurisdiction ... [it] will either make a new, independent decision based on the entire record that will be the final decision of the Secretary after remand or remand the case to an administrative law judge for further proceedings." Id.
 
 
 12
 Applying these standards, we hold that the district court did not err in finding that it lacked subject matter jurisdiction. Neither the Appeals Council nor the ALJ entered a final decision following the district court's remand.
 
 
 13
 We AFFIRM.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3